UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO ALVAREZ,<br><br>          Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>          Defendant. | Civil Action No. 15-10560<br><br>(Mass. Super. Ct. Suffolk County<br>C.A. No. SUCV2015-00332) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441 & 1446, Defendant Nationstar Mortgage LLC ("Nationstar"), hereby removes the action entitled *Mario Alvarez v. Nationstar Mortgage LLC*, Massachusetts Superior Court, Docket Number SUCV2015-00332 (the "Action"), to the United States District Court for the District of Massachusetts (the "District Court"). Pursuant to LR 3.1, the Civil Cover Sheet and Category Sheet to accompany this Notice of Removal are attached hereto as **Exhibit "A."** The grounds for removal are federal question and diversity jurisdictions, as follows:

1.  Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed timely.

    a.  On or about February 5, 2015, Defendant Nationstar received service of a Summons dated February 4, 2015, a Civil Action Cover Sheet dated February 4, 2015, and a Complaint dated February 4, 2015 ("Complaint"). True and accurate copies of the foregoing documents in the Action as served on Defendant Nationstar are attached hereto as **Exhibit "B."**

    b.  This Notice of Removal, as dated below, is filed with the District Court within thirty (30) days of service of the initial pleadings in the Action.

2.      The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that Plaintiff Mario Alvarez ("Plaintiff") alleges violations of the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. §2601 *et seq.*, claims that are created by, and arise under, federal law.  To the extent any other claims in the Action may arise under state law, supplemental jurisdiction over such claims exists pursuant to 28 U.S.C. §§ 1367 and 1441(c).

3.      Pursuant to 28 U.S.C. § 1332(a), there is also complete diversity of citizenship between the Plaintiff and Defendant Nationstar.

   a.   The Complaint alleges that Plaintiff "resides at 19 Hillis Road, Hyde Park, MA 02136."  Compl. ¶ 1.

   b.   Defendant Nationstar is a Delaware limited liability company with its principal place of business located at 8950 Cypress Waters Blvd., Dallas, TX 75019.  *See* Compl. ¶ 2.

4.      Likewise pursuant to 28 U.S.C. § 1332(a), the $75,000 amount-in-controversy requirement, exclusive of interest and costs, is met.

   a.   "For the purpose of establishing diversity jurisdiction, the amount in controversy is determined by looking to the circumstances at the time the complaint is filed." *See, e.g.*, *Barbosa v. Wells Fargo Bank, N.A.*, Civ. No. 12-12236-DJC, 2013 WL 4056180, at *3 (D. Mass. Aug. 13, 2013) (citation omitted).

   b.   The amount-in-controversy requirement is met so long as it does not "appear to a legal certainty that the claim is really for less than the jurisdictional amount."  *McKenna v.*

*Wells Fargo Bank, N.A.*, 693 F.3d 207, 212 (1st Cir. 2012) (quoting, *e.g.*, *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938)).

        c.    "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver.Comm'n*, 432 U.S. 333, 347 (1977).

        d.    "The value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation." *Richard C. Young & Co., Ltd. v. Leventhal*, 389 F.3d 1, 3 (1st Cir. 2004).

        e.    "In cases that seek equitable relief against foreclosure sales, the fair market value of the property to be foreclosed upon is an acceptable measure of the amount in controversy for purposes of diversity jurisdiction." *Morse v. Residential Credit Solutions, Inc.*, Civ. No. 11-12275-RWZ, 2012 WL 458492, at *1 (D. Mass. Feb. 13, 2012) (citing *Bedard v. MERS, Inc.*, Civ. No. 11-00117-JL, 2011 WL 1792738, at *2-3 (D.N.H. May 11, 2011) (collecting cases); *see also, e.g.*, *McKenna*, 693 F.3d at 212 n.4 (citation omitted).

        f.    The Complaint seeks, in its Statement of Jurisdiction and prayer for relief, injunctive relief in the form of an injunction preventing "Nationstar any from taking any action to sell Alvarez's home at a foreclosure auction and order that any scheduled foreclosure auctions are cancelled." *See* Compl. at 4; *see also* Conclusion, at ii.

        g.    On April 29, 2005, Plaintiff Mario Alvarez and Maria Alvarez, as Tenant by the Entirety, granted Argent Mortgage Company, LLC ("Argent") a mortgage (the "Mortgage") on the property located at 19 Hillis Road, Hyde Park, Massachusetts 02136 (the "Property") to secure a note in the original principal amount of $287,200.00.  The Mortgage was registered with

the Suffolk County Registry of Deeds ("Registry") on May 4, 2005 in Book 37004, Page 146, as Instrument Number 2005 01378585.  The Mortgage is the mortgage at issue, as referenced in the Complaint, *see* Compl. ¶ 6, on which Plaintiff seeks to prevent foreclosure.  A true and accurate copy of the Mortgage is attached hereto as **Exhibit "C."**  *See McKenna*, 693 F.3d at 213 (initial lender "deemed the property to be adequate security for a $430,000 loan as of November 2006, making it highly likely that on removal [on March 10, 2010], the property was worth at least $75,000").

        h.     The publicly-available tax assessment for the Property, *available at* http://www.cityofboston.gov/assessing/search, lists the assessed value for the Property for Valuation Year 2014 as **$259,700**.  A true and accurate copy of a computer print-out of this tax assessment from the City of Boston Board of Assessors is attached hereto as **Exhibit "D."**

        5.     Pursuant to LR 40.1, the Eastern Division of the District of Massachusetts is the proper venue for removal, because this Division includes Suffolk County, in which the Action was filed, and where Plaintiff resides, on information and belief.

        6.     No other initial pleadings have been served upon Nationstar.  *See* 28 U.S.C. § 1446(a).  Pursuant to LR 81.1, Nationstar will, within twenty-eight (28) days after filing this Notice of Removal, file certified or attested copies of all records and proceedings in the State Court and a certified or attested copy of all docket entries in the State Court.

        7.     Pursuant to 28 U.S.C. § 1446(d), Nationstar is simultaneously filing a copy of this Notice of Removal of the action with the Suffolk County Superior Court Department of the Massachusetts Trial Court in the Action.  Nationstar will serve Plaintiff with a copy of this Notice of Removal and the Notice filed in the Action.

8. By virtue of this Notice of Removal of Action and the Notice filed in the Action, Nationstar does not waive its rights to assert any personal jurisdictional defenses or other motions including Rule 12 motions and/or motions to compel arbitration permitted by the Federal Rules of Civil Procedure.

        Respectfully submitted,
        NATIONSTAR MORTGAGE LLC,
        By its attorneys,

        */s/ Alison M. Kinchla*
        James B. Fox, Esq. (BBO No. 176520)
        Alison M. Kinchla, Esq. (BBO No. 676379)
        BERNKOPF GOODMAN LLP
        Two Seaport Lane, 9th Floor
        Boston, MA  02210
        Tel: (617) 790-3000
        Fax: (617) 790-3300
        jfox@bg-llp.com
        akinchla@bg-llp.com

Dated:  February 25, 2015

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARIO ALVAREZ,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC,<br><br>    Defendant. | Civil Action No. 15-10560<br><br><br>(Mass. Super. Ct. Suffolk County<br>C.A. No. SUCV2015-00332) |

**CERTIFICATE OF SERVICE**

I, Alison M. Kinchla, hereby certify that a copy of the Notice of Removal, with all Exhibits thereto, was served on February 25, 2015 via First Class Mail to:

> Charles Carriere, Esquire
> Roger Bertling, Esquire
> WilmerHale Legal Services Center of Harvard Law School
> 122 Boylston Street
> Jamaica Plain, MA 02130

Signed under the pains and penalties of perjury this 25th day of February, 2015.

> Respectfully submitted,
> NATIONSTAR MORTGAGE LLC,
> By its attorneys,
>
> /s/ Alison M. Kinchla
> James B. Fox, Esq. (BBO No. 176520)
> Alison M. Kinchla, Esq. (BBO No. 676379)
> BERNKOPF GOODMAN LLP
> Two Seaport Lane, 9th Floor
> Boston, MA  02210
> Tel: (617) 790-3000
> Fax: (617) 790-3300
> jfox@bg-llp.com
> akinchla@bg-llp.com

626685 v1/38755/164