

**CORPORATION SERVICE COMPANY'**

# Notice of Service of Process

null / ALL
**Transmittal Number: 13438479**
**Date Processed: 02/05/2015**

| | |
|---|---|
| **Primary Contact:** | Barbara Ruyle
Nationstar Mortgage LLC
8950 Cypress Waters Blvd.
Dallas, TX 75019 |

| | |
|---|---|
| **Entity:** | Nationstar Mortgage LLC
Entity ID Number  2050233 |
| **Entity Served:** | Nationstar Mortgage, LLC |
| **Title of Action:** | Mario Alvarez vs. Nationstar Mortgage, LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Suffolk County Superior Court, Massachusetts |
| **Case/Reference No:** | Not Shown |
| **Jurisdiction Served:** | Massachusetts |
| **Date Served on CSC:** | 02/05/2015 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Charles Carriere
617-390-2550 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882  |  sop@cscinfo.com

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. _____

Mario Alvarez _____ , Plaintiff(s)

v.

Nationstar Mortgage, LLC _____ , Defendant(s)

## SUMMONS

To the above-named Defendant:

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

   You are hereby summoned and required to serve upon Charles Carriere _____

_____

plaintiff's attorney, whose address is 122 Boylston Street, Jamaica Plain, MA 02130 , an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

   Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

   Witness, Barbara J. Rouse, Esquire, at Boston, the _____ 4th _____ day of

__ February _____ , in the year of our Lord two thousand __ Fifteen __ .

*Michael Joseph Donovan*

Clerk/Magistrate

A true copy Attest:

2/3/15

Deputy Sheriff Suffolk County CM

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
    (1) TORT — (2) MOTOR VEHICLE TORT — (3) CONTRACT — (4) EQUITABLE RELIEF — (5) OTHER

FORM CIV.P. 1 3rd Rev. 20M-10/11

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____,201___, I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

_____

_____

_____

Dated:_____,201_____.          _____

**N.B.   TO PROCESS SERVER: –**
    ——PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN
       THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  |
|---|
| ,201 . |

**Commonwealth of Massachusetts**

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION
No. _____

Mario Alvarez , Plff(s).

v.

Nestostar Mortgage LLC , Deft(s).

**SUMMONS**
(Mass. R. Civ. P. 4)

(AFFIX FILING STAMP HERE)

| **CIVIL ACTION COVER SHEET** | TRIAL COURT OF MASSACHUSETTS<br>SUPERIOR COURT DEPARTMENT<br>COUNTY OF | DOCKET NO. _____ |
|---|---|---|

**PLAINTIFF(S)**   Mario  Alvarez

**DEFENDANT(S)**   Nationstar  Mortgage LLC

Plaintiff Atty   Charles  Carriere

Address   122 Boylston  Street

City   Jamaica Plain   State   MA   Zip Code   02130

Tel.   617-390-2550   BBO#   601081

Type Defendant's Attorney Name

Defendant Atty

Address

City          State          Zip Code

---

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

CODE NO.       TYPE OF ACTION (specify)       TRACK       IS THIS A JURY CASE?

E99

[X] Yes   [ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A.   Documented medical expenses to date:        TBD
   1.   Total hospital expenses        $
   2.   Total doctor expenses        $
   3.   Total chiropractic expenses        $
   4.   Total physical therapy expenses        $
   5.   Total other expenses (describe)        $
             Subtotal   $
B.   Documented lost wages and compensation to date        $
C.   Documented property damages to date        $
D.   Reasonably anticipated future medical expenses        $
E.   Reasonably anticipated lost wages and compensation to date        $
F.   Other documented items of damages (describe)  Fees (interest accruing to account)   $ 750,000
G.   Brief description of plaintiff's injury, including nature and extent of injury (describe)

   ₹

Total $ 750,000

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL   $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____        Date:  2/4/15
A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| * CONTRACTS | | * REAL PROPERTY | | MISCELLANEOUS | |
|---|---|---|---|---|---|
| A01 Services, Labor and Materials | F) | C01 Land Taking (eminent domain) | (F) | E02 Appeal from Administrative | |
| A02 Goods Sold and Delivered | (F) | C02 Zoning Appeal, G.L. c.40A | (F) | Agency G.L. c. 30A | (X) |
| A03 Commercial Paper | (F) | C03 Dispute concerning title | (F) | E03 Claims against Commonwealth | |
| A08 Sale or Lease of Real Estate | (F) | C04 Foreclosure of mortgage | (X) | or Municipality | (A) |
| A12 Construction Dispute | (A) | C05 Condominium Lien & Charges | (X) | E05 Confirmation of Arbitration Awards | (X) |
| A99 Other (Specify) | (F) | C99 Other (Specify) | (F) | E07 G.L. c.112, s.12S (Mary Moe) | (X) |
| E03 Claims against Commonwealth | (A) | E03 Claims against Commonwealth | (A) | E08 Appointment of Receiver | (X) |
| or Municipality | | or Municipality | | E09 General Contractor bond, | |
| | | | | G.L. c. 149, ss. 29, 29a | (A) |
| *TORT | | EQUITABLE REMEDIES | | E11 Worker's Compensation | (X) |
| | | D01 Specific Performance of Contract | (A) | E12 G.L.c.123A, s.12 (SDP Commitment) | (X) |
| B03 Motor Vehicle Negligence | (F) | D02 Reach and Apply | (F) | E14 G.L. c. 123A, s. 9 (SDP Petition) | |
| personal injury/property damage | | D06 Contribution or Indemnification | (F) | E15 Abuse Petition, G. L. c. 209A | (X) |
| B04 Other Negligence- | (F) | D07 Imposition of a Trust | (A) | E16 Auto Surcharge Appeal | (X) |
| personal injury/property damage | | D08 Minority Stockholder's Suit | (A) | E17 Civil Rights Act, G.L. c.12, s. 11H | (A) |
| B05 Products Liability | (A) | D10 Accounting | (A) | E18 Foreign Discovery Proceeding | (X) |
| B06 Malpractice-Medical | (A) | D12 Dissolution of Partnership | (F) | E19 Sex Offender Registry G.L. c. 178M, | |
| B07 Malpractice-Other (Specify) | (A) | D13 Declaratory Judgment G.L. c. 231A | (A) | s. 6 | (X) |
| B08 Wrongful Death, G.L. c.229, ss.2A | (A) | D99 Other (Specify) | (F) | E21 Protection from Harassment c 258E | (X) |
| B15 Defamation (Libel-Slander) | (A) | | | E25 Plural Registry (Asbestos cases) | |
| B19 Asbestos | (A) | | | E95 **Forfeiture G.L. c. 94C, s. 47 | (F) |
| B20 Personal Injury- slip & fall | (F) | | | E96 Prisoner Cases | (F) |
| B21 Environmental | (F) | | | E97 Prisoner Habeas Corpus | (X) |
| B22 Employment Discrimination | (F) | | | E99 Other (Specify) | (X) |
| B99 Other (Specify) | (F) | | | | |
| E03 Claims against Commonwealth | (A) | | | | |

*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
**Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [ X ] Yes [ ] |

## SUPERIOR COURT RULE 29

DUTY OF THE PLAINTIFF. The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

DUTY OF THE DEFENDANT. Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.

# COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                 TRIAL COURT
     SUPERIOR COURT DEPARTMENT
     CIVIL ACTION NO.

---

MARIO ALVAREZ
   Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC
   Defendant.

---

COMPLAINT



RECEIVED
FEB 4 2015
SUPERIOR COURT - CIVIL
MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE

## I.   INTRODUCTION

This case arises from Nationstar Mortgage, LCC's failure to review the Plaintiff, Mario

Alvarez, for a loan modification for his first mortgage as required by the National Mortgage

Settlement and by An Act Preventing Unlawful and Unnecessary Foreclosures.

In March 2005, Mr. Alvarez took out two mortgages with Argent Mortgage Corporation to

purchase his family home at 19 Hillis Road, Hyde Park, MA 02136. At the time, Mr. Alvarez

earned $2,500 per month as a Whole Foods cashier. Although Mr. Alvarez was honest about his

income, Argent Mortgage Corporation originated two loans that would result in combined

monthly mortgage expenses exceeding $3,050.00. At closing, Mr. Alvarez voiced concerns about

the payment costs, but was reassured that he could get lower payments within six months of

origination. This promise turned out to be false, and Mr. Alvarez was unable to pay his mortgage

payments. A subsequent loan modification, only on Mr. Alvarez's first mortgage, increased Mr.

Alvarez's principal balance by $34,645.32 and failed to achieve an affordable payment.

In the wake of the foreclosure crisis, the attorneys general of forty-nine states, including the

Commonwealth of Massachusetts, entered into a landmark settlement with Bank of America that

required Bank of America to modify certain borrowers' mortgage loans if a loan modification was in the interest of the investor that owned the loan. The Defendant Nationstar, acting as a servicing agent for Bank of America, sent Mr. Alvarez a letter dated August 15, 2013, stating its determination that Mr. Alvarez met the preliminary criteria "required to apply" for a loan modification under the National Mortgage Settlement loan modification program ("Settlement modification program"). Mr. Alvarez responded to this notice by providing necessary information. Shortly thereafter, Nationstar responded with a facially invalid loan modification denial stating that "NPV [Net Present Value] results showed that the modification is not in the interest of the investor that owns the loan." Nationstar had not in fact conducted a Net Present Value ("NPV") analysis comparing the likely return from a loan modification with the likely return from foreclosure, because the data input sheet that Nationstar provided with the denial was blank for the critical inputs necessary to conduct such an analysis. A review of Mr. Alvarez's financial circumstances at the time suggests a Net Present Value-positive outcome for a loan modification, meaning that a loan modification would have been in the interest of the investor that owned Mr. Alvarez's loan. Mr. Alvarez timely appealed this loan modification denial describing the problem, but Nationstar provided no response.

In a letter dated October 4, 2013, Nationstar advised Mr. Alvarez of his "Right to Request a Modified Mortgage Loan," as required by An Act Preventing Unlawful and Unnecessary Foreclosures, M.G.L. c. 244, § 35B. Mr. Alvarez timely responded to this request. Section 35B sets forth procedural and substantive requirements that a lender must demonstrate to show they have made a "good faith effort" to avoid foreclosure, including a requirement that they consider "the net present value of receiving payments under a modified mortgage loan as compared to the anticipated net recovery following foreclosure" and offer a loan modification "in all

2

circumstances where the net present value of the modified mortgage loan exceeds the anticipated net recovery at foreclosure." In numerous ways, Nationstar flouted Section 35B's requirements.

First, Nationstar refused to accept Mr. Alverez's loan modification application. A Nationstar representative stated that it was Nationstar's general policy not to open an application received by mail without *also* receiving a phone call, in plain violation of Section 35B and in direct contradiction of Nationstar's own instructions provided in its October 4, 2013 letter. This policy would operate to disqualify all borrowers from a loan modification review even if they followed Nationstar's own instructions in the Section 35B notice and did what was required to respond to the notice under Section 35B. Next, Nationstar issued a loan modification denial that violated Section 35B by failing to provide an assessment including "a written statement of the borrower's income, debts, and obligations... the creditor's net present value analysis of the mortgage loan... the creditor's anticipated net recover at foreclosure... [and] a statement of the interests of the creditor." The denial reflected that Nationstar had not conducted a net present value analysis to determine whether a loan modification was in the interest of the investor who owned the loan, a determination required by M.G.L. c. 244, § 35B.

In violation of both the National Mortgage Settlement loan modification program and Section 35B, Nationstar has repeatedly refused to consider whether offering Mr. Alvarez an affordable loan modification is in the best interest of the investor that owns the loan. In bringing this lawsuit, Mr. Alvarez requests that this court compel Nationstar to review Mr. Alvarez as required under the Settlement and Section 35B, and to award damages, costs, and attorneys' fees.

## II.   PARTIES

1.   Plaintiff, Mario Alvarez, resides at 19 Hillis Road, Hyde Park, MA 02136.

2.   Defendant, Nationstar Mortgage, LLC ("Nationstar") is a Delaware limited liability

3

company. Nationstar has a business address at 8950 Cypress Waters Boulevard, Dallas, TX

75063, and its registered agent is the Corporation Service Company, 84 State Street,

Boston, MA 02109. Nationstar is engaged in the "trade or commerce" of the acquisition,

ownership, management, and servicing of mortgage loans, and engaged in the acts

described herein in the conduct of said trade.

### III.  JURISDICTION

3.  Mr. Alvarez requests equitable relief requiring Nationstar to conduct a Net Present Value

test under the National Mortgage Settlement loan modification program and to conduct a

compliant loan modification review under M.G.L. c. 244, § 35B, and enjoining Nationstar

from proceeding with the foreclosure sale of his home. This court has subject matter

jurisdiction over all cases where the plaintiff seeks equitable relief. M.G.L. c. 214, § 1.

4.  This court may exercise personal jurisdiction over a person who transacts business or has

an interest in real property within the state. M.G.L. c. 223(A), § 3. This court has personal

jurisdiction over Nationstar because it transacts business or asserts an interest in property

within the state.

### IV.  VENUE

5.  A plaintiff seeking equitable relief may bring a civil action in any county where a transitory

action between the parties may be brought. M.G.L. c. 214, § 5. Venue is proper here

because the Plaintiff resides in Suffolk County. M.G.L. c. 223, § 1.

### VI.  STATEMENT OF FACTS

6.  In March 2005, Mr. Alvarez entered into a first mortgage with Argent Mortgage Company

for $287,200 to purchase his family home at 19 Hillis Road, Hyde Park, MA 02136.

Registry of Deeds, Bk 37004, p. 165.

7.    The purchase price for the home was $359,000.

8.    This first mortgage ($287,200), along with a second mortgage ($71,800), financed the
      purchase of the property.

9.    At the time that Mr. Alvarez received the mortgage, he was working as a cashier at Whole
      Foods making approximately $2,500 per month.

10.   Despite this, the transaction resulted in monthly housing expenses exceeding $3,050, $550
      more than Mr. Alvarez's total gross income.

11.   Before closing, Mr. Alvarez asked about the affordability of his payments and was assured
      that he would get lower payments within six months of origination.

12.   Although he followed up six months later, Mr. Alvarez was not offered a loan with more
      affordable payments.

13.   In November 2009, a loan modification of Mr. Alvarez's first mortgage provided by
      Wilshire Credit Corporation temporarily lowered Mr. Alvarez's monthly payments by
      approximately $700 per month.

14.   The modification also increased Mr. Alvarez's principal balance by $34,645.32, from
      $287,200 to $321.845.32.

15.   This modification left Mr. Alvarez with monthly housing expenses (including the second
      mortgage payment, taxes, and insurance) of approximately $2140 per month.

16.   This amount was still well in excess of Mr. Alvarez's ability to pay, and as a result, Mr.
      Alvarez was unable to make payments under the loan modification.

17.   In a letter dated August 15, 2013, Nationstar informed Mr. Alvarez that he met "the criteria
      required to apply" for the National Mortgage Settlement loan modification program
      ("Settlement program").

18. The letter stated that "[q]ualifying customers will receive a significant principal reduction and may reduce their monthly payment up to 39%," and stated "you must apply for this modification to see if you qualify."

19. Nationstar was obligated to send this offer to Mr. Alvarez as a sub-servicer or transferee servicer of Bank of America.

20. The Settlement program described in the August 15, 2013 letter has a specific set of guidelines described in a publicly available Bank of America Consent Judgment. See Consent Judgment, *U.S. v. Bank of America Corp.*, No. 12-cv-00361-RMC (D.D.C. Apr. 4, 2012).

21. Under these guidelines, a servicer is not required to offer a loan modification if the modification is not in the interest of the investor that owns the loan (also called a "Net Present Value" (NPV) negative outcome).

22. To determine whether a loan modification is in the interest of the investor, the servicer must conduct an NPV analysis comparing the likely recovery an investor would receive from foreclosure with the likely recovery the investor would receive through a loan modification.

23. Mr. Alvarez responded to Nationstar's offer by providing his private financial information to Nationstar.

24. In a letter dated August 27, 2013, Nationstar acknowledged receipt of Mr. Alvarez's application for a modification under the Settlement program, and again stated that "[t]his modification could offer you significant principal reduction and low payments."

25. In a letter dated September 6, 2013, Nationstar stated that Mr. Alvarez was "not eligible for a loan modification, because the NPV results showed that the modification is not in the

6

interest of the investor that owns the loan."

26. It was apparent from the denial letter that Nationstar had in fact conducted no NPV

    analysis, because the NPV input sheet that Nationstar provided included no values for a

    proposed loan modification, which would make any NPV analysis impossible.

27. A review of Mr. Alvarez's financials by the undersigned counsel using an NPV program

    provided by the United States Department of the Treasury to "to assist homeowners in

    conducting a net present value (NPV) evaluation" at Checkmynpv.com, concluded that a

    loan modification was in the interest of the investor that owned Mr. Alvarez's loan.

28. Checkmynpv.com uses the same NPV Model used for the National Mortgage Settlement

    Loan Modification Program.

29. The September 6, 2013 denial letter stated that "[i]f you wish to dispute the reasons for a

    non-approval determination, please submit written evidence to…

    La.Tesha.Brewton@Nationstarmail.com."

30. In a letter dated September 30, 2013 that was emailed to

    "La.Tesha.Brewton@Nationstarmail.com," the undersigned counsel disputed Nationstar's

    September 6, 2013 loan modification denial.

31. Nationstar did not respond to the September 30, 2013 letter.

32. In a letter dated October 4, 2013 ("Modification Letter"), Nationstar advised Mr. Alvarez

    of his "Right to Request a Modified Mortgage Loan," as required by An Act Preventing

    Unlawful and Unnecessary Foreclosures, M.G.L. c. 244, § 35B.

33. Mr. Alvarez responded to this solicitation as required by M.G.L. c. 244, § 35B with a

    complete loan modification package on November 1, 2013.

34. On January 6, 2014, in a phone call with Nationstar, a representative named Chelsea

(identification number 0586) claimed that no loan modification file had been opened for Mr. Alvarez, because as a matter of policy Nationstar does not start the loan modification process until it receives a phone call from the borrower.

35. Chelsea then reviewed the documents Mr. Alvarez had submitted, and stated that she would need new financial documents to review Mr. Alvarez's application.

36. These documents were provided to Nationstar as attachments to a letter dated January 14, 2014.

37. On January 21, 2014, a Nationstar representative named Sarah requested additional information from Mr. Alvarez and stated that Nationstar had not sent any written summary of what it needed to complete Mr. Alvarez's application.

38. In a letter dated January 23, 2014, Nationstar requested an "Award letter of benefits statement."

39. The information that Nationstar requested was provided to Nationstar in a letter dated January 28, 2014.

40. In a letter dated February 14, 2014, Nationstar stated that Mr. Alvarez did "not meet the HAMP program guidelines because: Insufficient Monthly Payment Reduction. We are unable to offer you a Home Affordable Modification because in performing our underwriting of a potential modification, we could not reduce your principal and interest payment by at least 10%."

41. In a letter dated February 25, 2014, Nationstar stated that "we have reviewed your request for assistance and are unable to grant your request at this time" due to "Negative Disposable Income. We are unable to offer you a modification because we are unable to create an affordable payment within the program terms."

42. In a letter dated March 13, 2014, the undersigned counsel requested a response to the previous inquiry dated September 30, 2013, and also requested disclosures for the February 14, 2014 and February 25, 2014 loan modification denial letters required under M.G.L. c. 244, § 35B.

43. To date, Nationstar has provided no response to this inquiry.

44. In a follow-up letter dated March 31, 2014, sent pursuant to 12 C.F.R. § 1024.36, the undersigned counsel requested information concerning Nationstar's efforts to respond to the September 30, 2013 letter and an explanation for why Nationstar claimed to have conducted an NPV analysis in its September 6, 2013 letter when its NPV input sheet had no values for a proposed loan modification.

45. Nationstar did not respond to the March 31, 2014 inquiry.

46. In a letter dated July 14, 2014 sent pursuant to M.G.L. c. 93A, § 9, the undersigned counsel described the actions that Nationstar had made in violation of Massachusetts law and made a demand for relief.

47. In a letter dated July 31, 2014, Nationstar responded to the notice without offering any form of relief or responding to the majority of the factual allegations stated in the demand letter.

## VII. CAUSES OF ACTION

### Count I:
### Violation of Mr. Alvarez's Rights Under "An Act Preventing Unlawful and Unnecessary Foreclosures," M.G.L. c. 244, § 35B

48. Mr. Alvarez reasserts and realleges each and every allegation set forth in the above paragraphs as if fully set forth herein.

49. M.G.L. c. 244, § 35B requires creditors to observe special protections for borrowers before

proceeding with publication of a notice of a foreclosure sale for "certain mortgage loans,"

and to offer a loan modification if it is in the interest of the investors that hold the loan.

50. "Certain mortgage loans" include: loans originated as part of a transaction where the

combined loan-to-value ratio exceeded 95% at origination. *Id.* § 35B(a)(vii).

51. Mr. Alvarez's mortgage falls under the purview of M.G.L. c. 244, § 35B, because it was

originated in a mortgage transaction in which the combined loan-to-value ratio exceeded

95%.

52. Nationstar initiated the process prescribed by M.G.L. c. 244, § 35B(c) by issuing a Notice

of Right to Apply for a Modified Mortgage Loan to Mr. Alvarez.

53. Mr. Alvarez timely complied with the requirements of the notice by submitting a complete

loan modification application.

54. Nationstar has violated "An Act Preventing Unlawful and Unnecessary Foreclosures,"

M.G.L. c. 244, § 35B, by failing to take procedural and substantive steps laid out under the

statute which are designed to facilitate loan modification review and avoid unnecessary

foreclosures.

55. Before publishing a notice of a foreclosure sale, the creditor must show that it has "first

taken reasonable steps and made a good faith effort to avoid foreclosure" by considering

"the net present value of receiving payments under a modified mortgage loan as compared

to the anticipated net recovery following foreclosure," M.G.L. c. 244, § 35B(b)(ii), and

"agree[ing] to modify the loan" "in all circumstances where the net present value of the

modified mortgage loan exceeds the anticipated recovery at foreclosure..." M.G.L. c. 244,

§ 35(b)(2)(iv).

56. To comply with M.G.L. c. 244, § 35B(c), creditors must provide a written assessment

within thirty days of receiving a borrower's notification of his or her intent to pursue a loan

modification. *Id.* This written assessment shall include, *inter alia*, "(i) a written statement

of the borrower's income, debts and obligations as determined by the creditor; (ii) the

creditor's net present value analysis of the Mortgage loan; (iii) the creditor's anticipated net

recovery at foreclosure; [and] (iv) a statement of the interests of the creditor…." *Id.*

57.    Nationstar has violated M.G.L. c. 244, § 35B in the following ways:

    i.    Nationstar imposes an undisclosed requirement that all borrowers who receive

        notices under M.G.L. c. 244, § 35B must not only submit documentation by mail

        as directed in the notice, but must also call Nationstar to open a loan modification

        application even though this requirement is not permitted under the law.

    ii.    Nationstar has not conducted an assessment of Mr. Alvarez's ability to make an

        affordable monthly payment. M.G.L. c. 244, § 35B(b)(i).

    iii.    Nationstar has not considered "the net present value of receiving payments under

        a modified mortgage loan as compared to the anticipated net recovery following

        foreclosure." M.G.L. c. 244, § 35B(b)(ii).

    iv.    Nationstar has not considered "the interests of the creditor, including, but not

        limited to, investors." M.G.L. c. 244, § 35B(b)(iii).

    v.    Nationstar failed to respond within 30 days to Mr. Alvarez's loan modification

        application, sent in response to the Section 35B notice." M.G.L. c. 244, § 35B(c).

    vi.    Nationstar's loan modification denial letter failed to provide "(i) a written

        statement of the borrower's income, debts and obligations as determined by the

        creditor; (ii) the creditor's net present value analysis of the mortgage loan; (iii) the

        creditor's anticipated net recovery at foreclosure;[and] (iv) a statement of the

interests of the creditor..." M.G.L. c. 244, § 35B(c).

    vii.   Nationstar failed to review Mr. Alvarez's loan modification application within "five business days following receipt of the borrower's request for a modified mortgage loan." 209 CMR 56.07.

    viii.   Nationstar failed to provide a notice within five business days following receipt of the loan modification application acknowledging receipt of the application and identifying any additional information required to complete the application. *Id.*

58. As a result of Nationstar's actions, Mr. Alvarez suffered injuries including emotional distress and associated medical costs, lost time, and additional fees and interest that Nationstar now demands to cure his default.

59. In light of Nationstar's disregard for the simple requirements of M.G.L. c. 244, § 35B, Mr. Alvarez requests that the court order Nationstar to conduct a compliant loan modification review as required by the statute using the information that Mr. Alvarez has already provided, and to award Mr. Alvarez actual, consequential, statutory, and punitive damages, costs, and attorney's fees.

## Count II:
## Violation of Federal Regulations

60. Mr. Alvarez reasserts and re-alleges each and every allegation set forth in the above paragraphs as if fully set forth herein.

61. Nationstar has violated various federal regulations designed to ensure that borrowers are afforded a fair loan modification review. These violations include:

    i.   Failing to comply with 12 CFR 1024(b)(2), which requires a servicer to "[n]otify the borrower in writing within 5 days... after receiving the loss mitigation application that the servicer acknowledges receipt of the loss mitigation application and that the

servicer has determined that the loss mitigation application is either complete or incomplete. If a loss mitigation application is incomplete, the notice shall state the additional documents and information the borrower must submit to make the loss mitigation application complete."

ii. Nationstar failed to comply with 12 C.F.R. 1024.41(h), which allows borrowers who receive a loan modification denial to appeal the servicer's determination, requires the appeal be reviewed "by different personnel than those responsible for evaluating the borrower's complete loss mitigation application," and requires the servicer to respond to the appeal request within "30 days of a borrower making an appeal."

iii. Nationstar failed to conduct an investigation or issue a response to Mr. Alvarez's March 31, 2014 inquiry sent pursuant to 12 C.F.R. § 1024.36.

iv. In its February 25, 2014 denial letter, Nationstar failed to comply with 12 C.F.R. 1024.41(d), which requires that a denial state "the specific reason or reasons for the servicer's [loan modification denial] determination." Nationstar provided a reason so vague that it could describe nearly any homeowner, denied for a loan modification for nearly any reason.

62. As a result of Nationstar's actions, Mr. Alvarez suffered injuries including emotional distress and associated medical costs, lost time, and additional fees and interest that Nationstar now demands to cure his default.

63. In light of Nationstar's unlawful conduct, Mr. Alvarez is entitled to recover actual, consequential, statutory, and punitive damages, costs, and attorney's fees.

## Count III:
### Violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws c. 93A, § 2

64. Plaintiff reasserts and realleges each and every allegation set forth in the above paragraphs

as if fully set forth herein.

65. The Massachusetts Consumer Protection Act, Mass. Gen. Laws c. 93A, § 2(a), declares "unfair or deceptive acts or practices in the conduct of any trade or commerce" to be unlawful.

66. Relevant to the present case, Massachusetts' Supreme Judicial Court has held that conduct deemed "unfair" within the meaning of c. 93A includes:

    a. Acts "within the penumbra of a common law, statutory, or other established concept of unfairness," *Milliken & Co. v. Duro Textiles, LLC*, 451 Mass. 547, 563 (2008).

    b. Acts that are "immoral, unethical, oppressive, or unscrupulous," *id.*; and

    c. Acts taken "in disregard of known contractual arrangements and intended to secure benefits for the breaching party," *Anthony's Pier Four, Inc. v. HBC Associates*, 411 Mass. 451, 474 (1991) (internal citations omitted).

67. The Attorney General's regulations promulgated pursuant to the Massachusetts Consumer Protection Act declare to be unfair and deceptive in violation of c. 93A:

    a. Acts that fail to comply with existing statutes, rules, regulations or laws, meant for the protection of the public's health, safety, or welfare promulgated by the Commonwealth, 940 C.M.R. 3.16(3); and

    b. Acts that violate any Federal consumer protection statutes within the purview of M.G.L. c. 93A, s. 2, *id.* § 3.16(4).

68. As set forth above, Nationstar's conduct has been unfair and deceptive in many ways, including, but not limited to:

    a. Purporting to review Mr. Alvarez for the National Mortgage Settlement loan modification program, a program for which they were obligated to conduct a review,

14

and collecting private financial information from Mr. Alvarez under the pretense of this review, but failing to review him for the program.

b.  Imposing a requirement that all borrowers who receive notices under M.G.L. c. 244, § 35B must not only submit documentation by mail as directed in the notice but must also call Nationstar to open a loan modification application even though this requirement is not permitted under the law. This practice is also unfair and deceptive, because Nationstar fails to disclose this requirement to borrowers in its Section 35B notice.

c.  Violating the state and federal laws and regulations set forth in the other counts of this complaint.

d.  Violating 209 CMR 18.21, which states that "failing to comply with the provisions of M.G.L. c. § 35A, *35B* and 35C" (emphasis added) qualifies as "unfair or unconscionable" mortgage servicing.

69.  As a result of Nationstar's actions, Mr. Alvarez suffered injuries including emotional distress and associated medical costs, lost time, and additional fees and interest that Nationstar now demands to cure his default.

70.  In light of Nationstar's unlawful conduct, Alvarez is entitled to recover actual, consequential, statutory, and punitive damages, costs, and attorney's fees. Because these violations were willful or knowing, Alvarez is entitled to multiple damages. Mass. Gen. Laws c. 93A, § 9(c).

**PLAINTIFF'S DEMAND TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Wherefore, Plaintiff requests that the Court, after Trial by Jury, enter and adjudge as follows:

15

(i)    Determine that Nationstar is liable to Alvarez upon Alvarez's claims, and award

actual, consequential, punitive, and statutory damages as determined by the jury or as

the Court may deem appropriate;

(ii)    Enjoin Nationstar from taking any action to sell Alvarez's home at a foreclosure

auction and order that any scheduled foreclosure auctions are cancelled;

(iii)    Require Nationstar to conduct a NPV test for a National Mortgage Settlement loan

modification, and offer Mr. Alvarez a loan modification if the result is NPV-positive.

(iv)    Order Nationstar to review Mr. Alvarez for a loan modification as required under

Mass. Gen. Laws c. 244, § 35B using the information that Mr. Alvarez has provided;

(v)    Award costs and attorney's fees; and

(vi)    Grant such other and further relief as merited in the interests of justice.

Respectfully submitted,

Mario Alvarez

By His Attorney,

Charles Carriere, BBO # 601081
Roger Bertling, BBO# 560246
WilmerHale Legal Services Center of Harvard
Law School
122 Boylston Street
Jamaica Plain, MA 02130
ccarriere@law.harvard.edu
(617) 390-2550
Facsimile: (617) 522-0715

February 4, 2015